Mark S. Geston, ISB No. 1346
*Email: msgeston@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID  83702-7705
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

Attorneys for Defendant The Timken Company and
   Timken Alcor Aerospace Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEORGE PAULEY,<br><br>            Plaintiff,<br><br>    v.<br><br>QUICKSILVER AIR, INC., an Alaska corporation; THE TIMKEN COMPANY, an Ohio Corporation, doing business as TIMKEN ALCOR AEROSPACE TECHNOLOGIES, INC., a foreign Arizona Company; H.E.R.O.S., INC., a California corporation; ARROW AVIATION, LLC, a Louisiana Limited Liability Company; 11 AEROSPACE LLC, an Arizona Limited Liability Company, doing business as ASI SERVICES; RICHARD C. SWISHER; JOHN OR JANE DOES 1-X; and DOE CORPORATIONS, XI-XX,<br><br>            Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

   Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendants The Timken Company, an

Ohio corporation, and Timken Alcor Aerospace Technologies, Inc., a Delaware corporation

**NOTICE OF REMOVAL - 1**

71942099.1 0033674-00045

(collectively, "Timken"), by and through their undersigned counsel Stoel Rives LLP and without waiver of any defenses, file this Notice of Removal of the above action from the District Court of the Second Judicial District of the State of Idaho to the United States District Court for the District of Idaho. Pursuant to Local Rule of Civil Procedure 81.1, a correct and complete copy of the state court record and docket sheet is attached as Exhibit A to the Affidavit of Mark S. Geston in Support of Notice of Removal filed herewith ("Geston Aff.").

## I.  BACKGROUND

1. Plaintiff commenced this action by filing a Complaint and Demand for Jury Trial ("Complaint") on December 3, 2011, in the District Court of the Second Judicial District of the State of Idaho, in and for the County of Nez Perce, Case No. CV 11-02581. Plaintiff subsequently filed an Amended Complaint, and Another Summons was issued on June 11, 2012.

2. Copies of the Amended Complaint and Another Summons were personally served on the appointed agent of Defendant Timken Alcor Aerospace Technologies, Inc., Corporation Service Company, on June 27, 2012. True and correct copies of the Complaint, Amended Complaint, and Another Summons, together with any other pleadings filed, are attached as Exhibits B - DD to the Geston Aff.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service of the Complaint and Summons. Because this Notice is filed on July 19, 2012, removal is timely.

4. The time for Timken to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. Concurrently with the filing of this Notice, Timken is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the District Court of the

**NOTICE OF REMOVAL - 2**
71942099.1 0033674-00045

Second Judicial District of the State of Idaho, in and for the County of Nez Perce.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 92 and 1441(a).

6. By filing a Notice of Removal in this matter, Timken does not waive any rights to object to service of process, the sufficiency of process, jurisdiction over the person, venue or standing, and Timken specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## II.  GROUNDS FOR REMOVAL

A. **Diversity Of Citizenship Exists Between The Properly Joined Parties.**

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states.  28 U.S.C. § 1332(a); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).

8. On information and belief, Plaintiff George Pauley is now, and was at the time the state action was commenced, a resident and citizen of the State of Idaho, residing in Lewis County, Idaho.  *See* Amended Complaint ("Amd. Compl.") ¶ I (Ex. D, Geston Aff.).

9. At the time Plaintiff commenced this action and as of the date of this Notice, The Timken Co. was and is incorporated under the laws of Ohio, with its principal place of business in Ohio.  At the time Plaintiff commenced this action and as of the date of this Notice, Timken Alcor Aerospace Technologies, Inc. was and is incorporated under the laws of Delaware, with its principal place of business in Ohio. Contrary to the allegations in Plaintiff's Complaint and Amended Complaint, The Timken Company does not do business as or under the assumed name of "Timken Alcor Aerospace Technologies, Inc."  Instead, these companies are two duly constituted, separate corporate entities, each doing business in its own individual capacity.

10. On information and belief, at the time Plaintiff commenced this action and as of the date of this Notice, Defendant Quicksilver Air Inc. was and is an Alaska corporation with its principal place of business in that state. *See id* ¶ II; *see also* ¶ 2 of the Complaint filed by Quicksilver Air Inc. and Richard Swisher in this Court in Case No. 3:12-CV-0006 (REB) (Dkt. No. 1).

11. On information and belief, at the time Plaintiffs commenced this action and as of the date of this Notice, Defendant H.E.R.O.S., Inc. was and is a California corporation with its principal place of business in that state. *See* Amd. Compl. ¶ IV; Declaration of Heros P. Kajberouni, previously filed in this Court in Case No. 3:12-CV-0006 (REB) (Dkt. No. 13-2).

12. On information and belief, at the time Plaintiff commenced this action and as of the date of this Notice, Defendant Arrow Aviation, LLC was and is a Louisiana limited liability company. *See* Amd. Compl. ¶ V. On information and belief, this Defendant does not have its principal place of business in the State of Idaho.

13. On information and belief, at the time Plaintiff commenced this action and as of the date of this Notice, Defendant 11 Aerospace LLC was and is an Arizona limited liability company. *See id.* ¶ VI. On information and belief, this Defendant does not have its principal place of business in the State of Idaho.

14. On information and belief, at the time Plaintiff commenced this action and as of the date of this Notice, Defendant Richard Swisher was and is a resident of the State of Alaska. *See id.* ¶ VII; *see also* ¶ 3 of the Complaint filed by Quicksilver Air, Inc. and Richard Swisher in this Court in Case No. 3:12-CV-0006 (REB) (Dkt. No. 1).

15. The requirement of complete diversity is therefore satisfied. *See* 28 U.S.C. § 1332(a).

## B. The Amount In Controversy Requirement Is Satisfied.

16. Where state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, the amount in controversy element is satisfied if the district court finds, by preponderance of the evidence, that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(A); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Moore's Federal Practice 3D*, §§107.14[2][g][v][B], [vi][A].  In this instance, Plaintiff's allegations of specific damages for his alleged injuries in his Complaint and Amended Complaint were delimited by Idaho Code § 5-335 ("In any action for recovery because of personal injury or death, the claim for relief shall not specify the amount of damages claimed ….") and Idaho Code § 6-1408 ("In any product liability action no dollar amount or figure shall be included in the complaint.  The complaint shall pray for such damages as are reasonable in the premises.  The complaint shall include a statement reciting that the jurisdictional amount established for filing the action is satisfied.").

17. Plaintiff alleges in his Amended Complaint that he was injured on January 8, 2010, while a passenger in a Hughes 369D helicopter that crashed.  The helicopter is alleged to have been owned by Defendant Quicksilver Air, Inc. and piloted by Defendant Richard Swisher.  At the time of the accident, Plaintiff was an employee of the Idaho Department of Fish and Game and was aboard the aircraft as part of his regular employment.  *See* Amd. Compl. ¶¶ X-XII.

18. Pursuant to state practice, Plaintiff's Complaint and Amended Complaint allege only that his damages exceed $10,000.  He additionally alleges that he may later seek leave to amend their Complaint to include a claim for punitive damages.  *See id.* ¶ XIII; Idaho Code § 5-335.  Plaintiff prays in his Amended Complaint for all past and future medical expenses and for all past and future economic losses; for all past and future pain and suffering, loss of enjoyment

of life, and general damages; for all compensatory damages; for all punitive damages where provable; for costs and disbursements, including attorney fees; and for all other just and equitable relief. *See id.* ¶ XV.

19. An investigative report on the helicopter crash, prepared for the Idaho Department of Fish and Game by the United States Department of the Interior, valued Plaintiff's "serious injuries" at $193,700. Timken understands that the methodology utilized to arrive at this valuation was not intended to be a direct estimation of the specific damages suffered by Plaintiff but was, instead, intended as a measure of value to be utilized by governmental agencies in undertaking cost-benefit analyses for aviation projects and regulations intended to avoid such losses. Timken nevertheless believes that this valuation, amounting to more than two and half times the jurisdictional amount required for diversity jurisdiction, is material and reflective of the severity and substantial financial value which must be attributed to Plaintiff's injuries and losses. A true and correct copy of the relevant excerpt from that report is attached as Exhibit EE to the Geston Aff.

20. Timken has additionally received medical records pertaining to the injuries allegedly sustained by Plaintiff as a result of the helicopter crash, which records were reportedly provided by his attorneys to Defendant Quicksilver Air, Inc. These records include a summary of medical expenses incurred by Plaintiff through the end of 2011, totaling $29,907.53. A copy of the summary, prepared by Plaintiff's counsel, is attached as Exhibit FF to the Geston Aff.

21. Plaintiff additionally provided an independent medical evaluation dated December 14, 2010, by J. Craig Stevens, M.D. to Defendant Quicksilver Air, Inc., and a copy of that evaluation is attached as Exhibit GG to the Geston Aff. That evaluation describes the injuries sustained by Plaintiff, their lingering effects, and determined that Plaintiff had, for the

purposes of workmen's compensation insurance, sustained "a 10% whole person impairment as a result of his L1 compression fracture." *Id*., at 6.  The evaluation further acknowledged the possibility of future surgeries if the pain Plaintiff was then experiencing persisted and became more bothersome.

22.     Timken believes that, under the formulae and procedures of the Idaho Industrial Commission, a rating of 10% impairment of the whole person entitles Plaintiff to approximately $17,600 as compensation for his permanent injuries.  Timken further believes that such compensation is not, nor is it intended to be full and complete compensation for all losses and injuries, both physical and emotional and economic and noneconomic, that Plaintiff is entitled to allege he has and will suffer as a result of the accident.

23.     Accompanying Dr. Stevens' independent medical evaluation, and attached as Exhibit HH to the Geston Aff., is a "Pain Disability Questionnaire" apparently completed by Plaintiff contemporaneously with that evaluation.  Of note is Plaintiff 's response to question 9 indicating that, nearly 2 years after the crash, Plaintiff still required medication "throughout the day" to control his pain.  Plaintiff measured the degree to which his pain then interfered with important recreational activities and hobbies at the level of 7 on a scale of 0 to 10, where 0 indicated "[n]o interference" and 10 indicated "[t]otal interference."  In response to question 14, Plaintiff measured his levels of depression, tenseness or anxiety, compared to what they had been before his pain began, at 7 on a scale 0 to 10, where 0 indicated "[n]o depression/tension" and 10 indicated "[s]evere depression/tension."  In response to question 15, Plaintiff measured the level of "emotional problems… that interfered with… [his]… family, social and/or work activities" caused by his pain at 8 on a scale of 0 to 10, with 0 being "[n]o problems" and 10 signifying "[s]evere problems."  Timken believes that the level of pain described in response to this

**NOTICE OF REMOVAL - 7**

71942099.1 0033674-00045

questionnaire, requiring medication throughout the day, and the degree to which such pain continued to interfere with Plaintiff's professional and social activities and his emotional well-being unmistakably demonstrates that the instant litigation will include claims for general damages which, even if considered alone, will exceed $75,000.

24.     Timken has no evidence of wages or other employment income lost by Plaintiff as a result of his injuries preventing him from working or causing him to work at a reduced schedule, but his hospitalization for three days immediately after the crash and the nature and extent of the injuries described in Exhibits FF, GG and HH logically imply that Plaintiff has suffered and will suffer lost wages in an amount at least equal to several thousands of dollars.

25.     The injuries and losses described Exhibits FF and GG; Plaintiff 's reported medical expenses of approximately $29,900 and entitlement to approximately $17,600 for permanent impairment equivalent to 10% of whole man; the possibility of future surgeries; the virtual certainty that Plaintiff has suffered lost income as a result of his injuries preventing or diminishing his capacity to work; Plaintiff's reports of continuing substantial pain that materially interferes with his professional and social activities as well as with his emotional well-being (*see* Exhibit HH to the Geston Aff.); and the estimation of the value of his injuries by the United States Department of the Interior in its investigation of the crash—combine to prove that the amount in controversy in this litigation exceeds the jurisdictional threshold of $75,000 set forth in 28 U.S.C. § 1332(a).

26.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), counsel for Timken has communicated directly with counsel representing each of the other Defendants named in the Amended Complaint and been informed that each of them consents to the removal of this action.

**NOTICE OF REMOVAL - 8**
71942099.1 0033674-00045

27. For the foregoing reasons, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) and (2) because this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds $75,000. Removal of the state court action to this Court is therefore proper under 28 U.S.C. § 1441.

WHEREFORE, because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000, Timken removes this action from the District Court of the Second Judicial District of the State of Idaho to the United States District Court for the District of Idaho.

DATED: July 19, 2012.

        STOEL RIVES LLP

        /s/ Mark S. Geston
        Mark S. Geston
        Attorney for Defendant The Timken Company and Timken Alcor Aerospace Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2012, I served a copy of the foregoing **NOTICE OF REMOVAL** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

>Darrel W. Aherin – *ara@aralawoffice.com*
>
>>Attorney for Plaintiffs
>
>Kent L. Hawkins – *khawk@merrillandmerrill.com*
>
>Jared A. Steadman – *jsteadman@merrillandmerrill.com*
>
>>Attorneys for Defendant H.E.R.O.S., Inc.
>
>Craig L. Meadows – *cmeadows@hawleytroxell.com*
>
>>Attorney for Defendant Arrow Aviation, LLC
>
>Michael M. Moore – *mike@mbelaw.com*
>
>>Attorney for Defendants Quicksilver Air, Inc./Richard C. Swisher

<u>/s/ Mark S. Geston</u>
Mark S. Geston

**NOTICE OF REMOVAL - 10**
71942099.1 0033674-00045